Case 5:26-cv-00125   Document 12   Filed 03/06/26 in TXSD   Page 1 of 4

United States District Court
Southern District of Texas
**ENTERED**
March 06, 2026
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
LAREDO DIVISION

| | |
|---|---|
| **LEONARDO PARRA PARRA ROMERO,** § | |
| § | |
| Petitioner, § | |
| § | |
| VS. § | **CIVIL ACTION NO. 5:26-CV-00125** |
| § | |
| **PAMELA BONDI,** *et al.*, § | |
| § | |
| Respondents. § | |

## ORDER

Pending before the Court is Petitioner Leonardo Pastor Parra Romero's ("Petitioner") Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241, (Dkt. 1), challenging the lawfulness of his detention by Immigration and Customs Enforcement (ICE) officials and the Department of Homeland Security (DHS).

Petitioner filed his Petition for Writ of Habeas Corpus on January 28, 2026. (Dkt. 1.) Petitioner is a noncitizen who has resided in the United States since 2021. (*See Id.* at 1; Dkt. 8 at 2.) Petitioner was initially apprehended by DHS in 2021, issued a Notice to Appear, and ordered to appear before an immigration judge on January 18, 2022. (Dkt. 1 at 4; Dkt. 8 at 2; Dkt. 9, Attach. 2.) In November of 2022 Petitioner filed a Form I-589, application for Withholding of Removal, with the Dallas Immigration Court. (Dkt. 1 at 4; Dkt. 8 at 2.) Several years later, Petitioner was taken into immigration custody at the ICE Field Office located in Dallas. (Dkt. 8 at 2.) On December 17, 2025, DHS filed a motion to pretermit Petitioner's I-589 application and order Petitioner removed to Uganda. (Dkt. 1 at 4.) On January 8, 2026, the Immigration Judge (IJ) granted DHS's motion to pretermit and ordered Petitioner removed to Uganda. (*Id.*) Petitioner

appealed the IJ's decision to the BIA on January 9, 2026, and the BIA has not yet issued a decision on Petitioner's appeal. (*Id.*) Petitioner is currently being detained at Webb County Detention Center. (*Id.* at 1.) Petitioner argues he is being unlawfully detained and subject to mandatory detention under 8 U.S.C. § 1225(b)(2) in violation of his rights under the Due Process Clause of the Fifth Amendment. (*See id.* at 12–19; Dkt. 8 at 6–9.) He asks the Court to order his immediate release. (Dkt. 1 at 20.)

The Court ordered Respondents to respond to Petitioner's petition on or before February 6, 2026, and Respondents filed a timely response on February 5, 2026. (Dkts. 4, 11.) On February 6, 2026, the United States Court of Appeals for the Fifth Circuit addressed the dispute over the statutory interpretation of 8 U.S.C. § 1225(b)(2)'s mandatory detention provision in *Buenrostro-Mendez v. Bondi*, — F.4th —, No. 25-20496, 2026 WL 323330 (5th Cir. Feb. 6, 2026). In the precedential decision, the Fifth Circuit determined that noncitizens apprehended in the interior who entered without inspection are "applicants for admission" subject to mandatory detention under 8 U.S.C. § 1225(b)(2) and therefore are not entitled to bond hearings under 8 U.S.C. § 1226(a). *Id.* at *4. The decision was limited to the statutory interpretation of the applicable provisions and left unresolved other claims brought by petitioners challenging their mandatory detention, including constitutional questions under the Due Process Clause. *Id.* at *9.

Upon review of Petitioner's case, the Court finds that Petitioner's due process claim presents nearly identical legal questions to those previously considered by the Court in *Bonilla Chicas v. Warden.*, 5:26-cv-00131, Dkt. No.11 (S.D. Tex. Feb. 20, 2026), in which the Court determined that the petitioner's detention by ICE violated his rights under the Due Process Clause. Because Petitioner's legal claims and Respondents' arguments are similar to those considered by the Court in *Bonilla Chicas* and because Respondents have failed to offer controlling precedent or

reasoning that would justify reaching a different result in this case, the Court is unpersuaded to alter its prior analysis of the issue. In accordance with its prior analysis, the Court holds that because Petitioner is a noncitizen who previously entered the United States without inspection and has established ties to the United States through his residency, the Due Process Clause of the Fifth Amendment guarantees Petitioner an individualized assessment of his flight risk and dangerousness and an opportunity to respond prior to detention by ICE. This conclusion is further supported by the growing number of district courts that have likewise found that mandatory detention of noncitizens who have established a presence in the United States violates their procedural due process rights. *See, e.g.*, *Vieira v. De Anda-Ybarra*, 2025 WL 2937880, at *7 (W.D. Tex. Oct. 16, 2025); *Lopez-Arevelo v. Ripa*, 801 F. Supp. 3d 668, 687 (W.D. Tex. 2025) (collecting cases); *Hernandez-Fernandez v. Lyons*, 2025 WL 2976923, at *7 (W.D. Tex. Oct. 21, 2025); *Marceau v. Noem et al.*, 2026 WL 368953, at *2 (W.D. Tex. Feb. 9, 2026); *Clemente Ceballos v. Garite,* 3:26-cv-00312-DB, at *3 n. 2 (W.D. Tex. Feb 10, 2026).

Thus, the Court holds that because Petitioner's detention violates his rights under the Due Process Clause of the Fifth Amendment, he is entitled to equitable relief and that the appropriate remedy is Petitioner's immediate release from custody with additional safeguards against redetention.

## CONCLUSION

For the foregoing reasons, Petitioner's Petition for Writ of Habeas Corpus and Complaint for Declaratory and Injunctive Relief, (Dkt. 1), is **GRANTED**. Respondents' Response to the Petition for Writ of Habeas Corpus and Motion to Dismiss and, in the Alternative, for Summary Judgment, (Dkt. 11), is **DENIED**.

1. Respondents are **ORDERED** to **RELEASE** Petitioner from custody immediately, under reasonable conditions of release, and to submit a status report to the Court confirming Petitioner's release within 24 hours of the date of this Order.

2. Respondents must notify Petitioner's counsel of the exact time and location of Petitioner's release **no less than three hours** prior to Petitioner's release from custody.

3. If Petitioner is redetained, all applicable regulations and procedures must be followed, including that Petitioner be afforded an individualized assessment of Petitioner's flight risk and dangerousness as guaranteed under the Due Process Clause of the Fifth Amendment.

4. Within two weeks of the date of this Order, the parties shall **FILE** advisories with the Court indicating whether the parties oppose entry of a final judgment in this case.

IT IS SO ORDERED.

SIGNED this March 6, 2026.

_____
Diana Saldaña
United States District Judge